# Pennsylvania Company, Appellant, *v.* Marquis Lime-stone & Clay Company.

*Common carriers—Railroads—Demurrer—Affidavit of defense.*

Where an action brought by a railroad company to recover car demurrage is based upon a rule of its own creation, an affidavit of defense which specifically denies the existence of such a rule, is sufficient to prevent judgment.

Argued May 16, 1906.   Appeal, No. 163, April T., 1906, by plaintiff, from order of C. P. Lawrence Co., Sept. T., 1905, No. 6, discharging rule for judgment for want of a sufficient affidavit of defense in case of Pennsylvania Company v. Marquis Limestone & Clay Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for car demurrage.   Before PORTER, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court discharging rule for judgment for want of a sufficient affidavit of defense.

*Oscar L. Jackson*, with him *Charles R. Davis*, for appellant. —This case is ruled by Pennsylvania Railroad Company v. Midvale Steel Company, 201 Pa. 624, and by Baltimore & Ohio Railroad Company v. Gray's Ferry Abbatoir Company, 27 Pa. Superior Ct. 511.

*J. Norman Martin*, for appellee.

OPINION BY ORLADY, J., June 30, 1906:

It is conceded that the right of the plaintiff to recover any amount from the defendant is founded upon a rule of its own creation, and in regard to which the defendant was not consulted.   The statement alleges that the plaintiff, acting in conjunction with other railroad companies, had adopted and established a general rule applicable within the territory known as the Pittsburg district, in which the business of the defend-

ant company was conducted, providing that a charge of $1.00 per day for each day, or part of a day, should be imposed for car service, for and upon each car carried over any portion of its line of railroads, not unloaded by consignee within forty-eight hours after seven o'clock in the morning of the day following the delivery of the car, or after notice to the consignee that the plaintiff was ready to deliver the car to the consignee, as the case might be, not including Sundays and legal holidays, during which such car should remain unloaded, the said charge being payable by the consignee or person receiving said car.

The claim is for car service under this rule, from April 18, 1904, to January 12, 1905, and amounts to $769. The affidavit of defense denies unequivocally and positively that any such rule was in existence, and that such rule did not at any time form a part of any contract of carriage of cars for the defendant company over the lines of the plaintiff's railroad.

The rule, under which the plaintiff claims, as incorporated in the statement, is not printed in the form of a quotation, but as part of the general narrative of the plaintiff's case. As presented, it is a suggestion of what charges "should be imposed," rather than a declaration that the consignee would be expected to pay the rate named for the detention of the car. The defendant does not deny the right of the railroad company to adopt and enforce reasonable car service rules, but it does specifically deny, that under the facts as scheduled in the plaintiff's statement, the rate charged would be just and reasonable. Every allegation of the plaintiff's statement, that is material to maintain its cause, is as plainly and explicitly denied in the affidavit of defense.

The existence of the rule should be established by proof sufficient to sustain a judgment, and the plaintiff's demand for a summary judgment is fully answered by the positive denial, under oath, by the defendant, that the rule does not exist. The rule for judgment for want of sufficient affidavit of defense was rightly discharged.

The judgment is affirmed.